IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dorothy Hutchinson, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 C 8328 |
| Credit Control, LLC, a Missouri limited liability company, and United Debt Holding, LLC, a Delaware limited liability Company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Dorothy Hutchinson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Dorothy Hutchinson ("Hutchinson"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt that she was alleged to owe, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Credit Control operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Credit Control was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, United Debt Holding, LLC ("United Debt"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant United Debt operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant United Debt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant United Debt is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon via other collection agencies like Defendant Credit Control.

7. Defendants Credit Control and United Debt are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Credit Control and

United Debt both conduct business in Illinois.

    8.    Moreover, Defendants Credit Control and United Debt are each licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Credit Control and United debt each act as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

    9.    Ms. Hutchinson is a senior citizen, with limited assets and income, who fell behind on paying her bills. At some point in time after her debts became delinquent, Defendant United Debt bought one of those debts. When Defendants began trying to collect this debt from Ms. Hutchinson, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Credit Control's collection actions.

    10.    Accordingly, on October 20, 2011, one of Ms. Hutchinson's attorneys at LASPD informed Defendants, in writing, that Ms. Hutchinson was represented by counsel, and directed them to cease contacting her, and to cease all further collection activities because Ms. Hutchinson was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

    11.    Nonetheless, Defendants' debt collector, "Jay Williams", directly called Ms. Hutchinson, including, but not limited to, a telephone call on November 15, 2011, from 800-281-2203.

    12.    Accordingly, on November 17, 2011, one of Ms. Hutchinson's LASPD attorneys had to write to Defendant Credit Control again to demand that it cease

communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Hutchinson's, agent, LASPD, told Defendants to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew that Ms. Hutchinson was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit C), that she was represented by counsel, and had directed Defendants to cease directly communicating with her. By directly calling Ms. Hutchinson, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Dorothy Hutchinson, prays that this Court:

1. Find that Defendants', Credit Control's and United Debt's, debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Hutchinson, and against Defendants, Credit Control and United Debt, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dorothy Hutchinson, demands trial by jury.

    Dorothy Hutchinson,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: November 21, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com